KAREN S. FRANK (State Bar No. 130887)
CHARMAINE YU (State Bar No. 220579)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-ksf@coblentzlaw.com,
         ef-cgy@coblentzlaw.com

Attorneys for Broadcast Music, Inc., *et al.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; CINDERFUL MUSIC; UNIVERSAL–SONGS OF POLYGRAM INTERNATIONAL, INC.; AL GREEN MUSIC, INC.; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; GIBB BROTHERS MUSIC; CROMPTON SONGS, LLC; TREMONTI STAPP MUSIC; RESERVOIR MEDIA MANAGEMENT INC. d/b/a RESERVOIR 416 a/k/a RESERVOIR ONE AMERICA; UNIVERSAL MUSIC-Z TUNES LLC d/b/a UNIVERSAL MUSIC Z SONGS; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; NASHVILLE STAR MUSIC, a division of REVEILLE PUBLISHING LLP; CARNIVAL MUSIC COMPANY d/b/a TILTAWHIRL MUSIC; BMG RIGHTS MANAGEMENT (US) LLC d/b/a BMG PLATINUM SONGS (US),<br><br>  Plaintiffs,<br><br>  v.<br><br>TRAVPITBULL, LLC d/b/a THE SADDLE BAR, and MICHAEL ALAN GARCIA; TOM WILLIAM VAN BETTEN; and MATTHEW CRAIG WEAVER, each individually<br><br>  Defendants. | Case No.  **'16CV0732 CAB JMA**<br><br>**COMPLAINT**<br><br>Trial Date:    None Set |

13389.033 3395436v1

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

## VENUE

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Cinderful Music is a sole proprietorship owned by William Patrick Corgan. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Universal – Songs of Polygram International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Al Green Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Gibb Brothers Music is a partnership owned by Estate of Maurice Ernest Gibb and Estate of Robin Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Crompton Songs, LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Tremonti Stapp Music is a partnership owned by Scot A. Stapp and Mark T. Tremonti. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Reservoir Media Management, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter

13. Plaintiff Universal Music-Z Tunes LLC is a limited liability company doing business as Universal Music Z Songs. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Nashville Star Music is a division of Reveille Music Publishing LLP which is a limited liability partnership. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Carnival Music Company is a corporation doing business as Tiltawhirl Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff BMG Rights Management (US) LLC is a limited liability company doing business as BMG Platinum Songs (US). This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Defendant Travpitbull, LLC is a limited liability company organized and existing under the laws of the State of California which operates, maintains and controls an establishment known as The Saddle Bar, located at 123 West Plaza Street, Solana Beach, California 92075, in this district (the "Establishment").

19. In connection with the operation of the Establishment, Defendant Travpitbull LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

20. Defendant Travpitbull, LLC has a direct financial interest in the Establishment.

21. Defendants Michael Alan Garcia, Tom William Van Betten, and Matthew Craig Weaver are members of Defendant Travpitbull, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

22. Defendants Michael Alan Garcia, Tom William Van Betten, and Matthew Craig Weaver have the right and ability to supervise the activities of Defendant Travpitbull, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

23. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 21.

24. Since May 2015, BMI has reached out to Defendants over 25 times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

25. Plaintiffs allege seven (7) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

26. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the seven (7) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued

1  for the musical composition; Line 6 indicating the copyright registration number(s) for the musical
2  composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment
3  where the infringement occurred.

4      27.    For each work identified on the Schedule, the person(s) named on Line 3 was the
5  creator of that musical composition.

6      28.    For each work identified on the Schedule, on or about the date(s) indicated on Line 5,
7  the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects
8  with the requirements of the Copyright Act and received from the Register of Copyrights Certificates
9  of Registration bearing the number(s) listed on Line 6.

10      29.    For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff
11  BMI was (and still is) the licensor of the public performance rights in the musical composition
12  identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the
13  Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical
14  composition listed on Line 2.

15      30.    For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants
16  publicly performed and/or caused to be publicly performed at the Establishment the musical
17  composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have
18  committed copyright infringement.

19      31.    The specific acts of copyright infringement alleged in the Complaint, as well as
20  Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable
21  damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire
22  at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless
23  this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will
24  suffer irreparable injury for which they have no adequate remedy at law.

25      WHEREFORE, Plaintiffs pray that:

26      (I)    Defendants, their agents, servants, employees, and all persons acting under their
27  permission and authority, be enjoined and restrained from infringing, in any manner, the
28  copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

13389.033 3395436v1

4

**COMPLAINT**

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

DATED: March 28, 2016                COBLENTZ PATCH DUFFY & BASS LLP

By:   */s/ Charmaine G. Yu*
      Charmaine G. Yu
      Attorneys for Broadcast Music, Inc., et al.

13389.033 3395436v1

5

**COMPLAINT**

## Schedule

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | 1979 |
| Line 3 | Writer(s) | William Patrick Corgan |
| Line 4 | Publisher Plaintiff(s) | William Patrick Corgan, an individual dba Cinderful Music |
| Line 5 | Date(s) of Registration | 1/29/96 |
| Line 6 | Registration No(s). | PA 773-963 |
| Line 7 | Date(s) of Infringement | 12/31/2015 |
| Line 8 | Place of Infringement | The Saddle Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Brown Eyed Girl |
| Line 3 | Writer(s) | Van Morrison |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 5/2/67 |
| Line 6 | Registration No(s). | Eu 993451 |
| Line 7 | Date(s) of Infringement | 12/30/2015 |
| Line 8 | Place of Infringement | The Saddle Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Stayin' Alive a/k/a Staying Alive |
| Line 3 | Writer(s) | Barry Gibb; Robin Gibb; Maurice Gibb |
| Line 4 | Publisher Plaintiff(s) | Estate of Maurice Ernest Gibb and the Estate of Robin Gibb d/b/a Gibb Brothers Music; Barry Alan Gibb, an individual d/b/a Crompton Songs |
| Line 5 | Date(s) of Registration | 3/7/77     2/13/78<br>3/19/84    3/19/84 |
| Line 6 | Registration No(s). | Eu 761684   PA 178<br>PA 209-625   PAu 618-264 |
| Line 7 | Date(s) of Infringement | 12/30/2015 |
| Line 8 | Place of Infringement | The Saddle Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Arms Wide Open aka With Arms Wide Open |
| Line 3 | Writer(s) | Scott Stapp; Mark Tremonti |
| Line 4 | Publisher Plaintiff(s) | Scott A. Stapp and Mark T. Tremonti, a partnership d/b/a Tremonti Stapp Music; Reservoir Media Management Inc. d/b/a Reservoir 416 a/k/a Reservoir One America |
| Line 5 | Date(s) of Registration | 8/26/99 |
| Line 6 | Registration No(s). | PAu 2-427-758 |
| Line 7 | Date(s) of Infringement | 12/31/2015 |
| Line 8 | Place of Infringement | The Saddle Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Ignition |
| Line 3 | Writer(s) | Robert Kelly a/k/a R. Kelly |
| Line 4 | Publisher Plaintiff(s) | Universal Music-Z Tunes LLC d/b/a Universal Music Z Songs |
| Line 5 | Date(s) of Registration | 2/4/03 |
| Line 6 | Registration No(s). | PA 1-130-236 |
| Line 7 | Date(s) of Infringement | 12/30/2015 |
| Line 8 | Place of Infringement | The Saddle Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Gun Powder And Lead a/k/a Gunpowder And Lead |
| Line 3 | Writer(s) | Miranda Lambert; Heather Little |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing; Nashville Star Music, a Division of Reveille Music Publishing LLP; Carnival Music Company d/b/a Tiltawhirl Music |
| Line 5 | Date(s) of Registration | 7/2/07 |
| Line 6 | Registration No(s). | PA 1-387-084 |
| Line 7 | Date(s) of Infringement | 12/30/2015 |
| Line 8 | Place of Infringement | The Saddle Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 7 |
| Line 2 | Musical Composition | Bulletproof |
| Line 3 | Writer(s) | Eleanor Jackson; Benedict Langmaid |
| Line 4 | Publisher Plaintiff(s) | BMG Rights Management (US) LLC d/b/a BMG Platinum Songs (US) |
| Line 5 | Date(s) of Registration | 5/17/10 |
| Line 6 | Registration No(s). | PA 1-684-808 |
| Line 7 | Date(s) of Infringement | 12/31/2015 |
| Line 8 | Place of Infringement | The Saddle Bar |